Edna POOLE, individually, and Vahan Nahabedian and Zevart Nahabedian, jointly, suing on behalf of themselves and on behalf of all former holders of Common Stock of American Sumatra Tobacco Corporation similarly situated, Plaintiffs,

v.

N. V. DELI MAATSCHAPPIJ, a corporation of the Kingdom of the Netherlands; Tobacco Holdings, Inc., a Delaware corporation, and American Sumatra Tobacco Corporation, a Delaware corporation, Defendants.

Court of Chancery of Delaware.

New Castle.

Sept. 16, 1969.

---

————◆————

Clarence W. Taylor and Russell J. Willard, Jr., of Hastings, Taylor & Willard, Wilmington, for plaintiffs; Otto E. Koegel and William F. Koegel, of Royall, Koegel & Rogers, New York City, of counsel.

Richard F. Corroon, of Berl, Potter & Anderson, Wilmington, for defendants; Walston S. Brown, of Willkie Farr & Gallagher, New York City, of counsel.

SHORT, Vice Chancellor:

Plaintiffs have moved "for leave to reopen for the purpose of introducing evidence to conform to the ruling of the Supreme Court." They now seek to introduce evidence as to the appropriate present worth factors to be applied to the appraisals. Their motion is filed under Rule 60(b) of this court, Del.C.Ann., which permits the granting of relief to a party from a final judgment or order upon one or more of the grounds therein set forth.

In its opinion on the second appeal in this action the Supreme Court in Poole v. N. V. Deli Maatschappij, Del., 243 A.2d 67, held that though this court erred in concluding that going-concern asset value is the measure in this case nevertheless affirmance of the judgment was required on the ground that the only evidence upon which a finding of asset fair market value could be found was that presented by defendants' expert witness Liessmann. Liessmann's appraisal agreed substantially with plaintiffs' appraisals, that is, if sold over a period of five or more years American Sumatra's properties could be expected to produce a gross sum of approximately $14,000,000. After discounting that figure to reflect expenses of carrying and selling the properties during the five year period Liessmann then applied present worth factors to determine what an investor would have been willing to pay for the properties in the summer of 1960. The result was $22.40 per share as the net asset value of American Sumatra's stock. The Supreme Court held that when considered with other factors the net asset value thus found was insufficient to establish a true value per share greater than the price offered. Plaintiffs now challenge the present worth factors applied by Liessmann and their motion is in support of that challenge.

Plaintiffs contended from the outset that net asset value was to be determined upon a liquidation basis. This very contention should have suggested to them that in order to arrive at present day asset value, that is, what an investor would have been willing to pay for the properties in the summer of 1960, their appraisals, based upon liquidation over a period of five or more years, would require discounting for carrying and selling expenses and the application of present worth factors, and appraisal approach which is "a generally approved appraisal technique." Poole v. N. V. Deli Maatschappij, supra. If not suggested to plaintiffs by their appraisers, the technique was brought to their attention at trial by Liessmann's testimony. They did not object

to that testimony. They did not see fit to challenge the present worth factors applied by that witness. Nor did they make any request to adjourn the trial to enable them to obtain expert testimony as to the appropriate factors to be applied.

That plaintiffs knew of defendants' reliance upon Liessmann's approach is further evidenced by the extended comments in defendants' brief after trial and by a letter written to the court by defendants' counsel on February 12, 1965, with copy to plaintiffs' attorney, which commenced: "One of the issues in this case is whether the values found in the so-called five-year appraisals should be discounted in connection with the termination [sic] of the value of the shares of American Sumatra's stock in June, 1960." The letter then called attention to Vice Chancellor Marvel's then unreported opinion in Sims v. Slovin, now reported in 42 Del.Ch. 216, 207 A.2d 597. It concluded: "It is submitted that Vice Chancellor Marvel's opinion is direct authority in support of our contention that it is necessary to discount the five-year appraisals in order to find the present fair value as of June, 1960 of the lands owned by American Sumatra Tobacco Corporation." Plaintiffs still made no application to submit additional expert testimony. After remand on the first appeal defendants' brief again dealt at length with the issue of applying present worth factors to the appraisals and cited Sims v. Slovin, supra, Pennsylvania S. V. R. Co. v. Clearly, 125 Pa. 442, 17 A. 468, and State v. Tedesco, 4 Utah 2d 248, 291 P.2d 1028. Plaintiffs in their brief ignored the issue and still made no application to reopen. Following the Supreme Court opinion on the second appeal plaintiffs moved for reargument and in the alternative requested leave of that court to open the case in this court for the purpose of introducing evidence to conform to the Supreme Court ruling. The motion for reargument was denied on June 17, 1968, the court holding that the application to reopen "may be addressed to the discretion of the Chancery Court under its Rule 60(b)."

The present motion under that rule was filed on March 4, 1969.

■ Plaintiffs present no persuasive argument for the granting of their motion. That their failure to present evidence of present worth factors was not the result of "mistake, inadvertance, surprise or excusable neglect" is obvious. Though knowing of defendants' reliance upon the applicability of such factors plaintiffs deliberately chose to ignore this "generally approved appraisal technique." That the evidence which they now seek to introduce is not "newly discovered" within the meaning of the Rule is likewise obvious. The Supreme Court in In re Missouri-Kansas Pipe Line Co., 23 Del.Ch. 215, 2 A.2d 273, defined "newly discovered evidence" as applied to applications for new trials: "The applicant is required to show that the newly discovered evidence has come to his knowledge since the trial; that it could not, in the exercise of reasonable diligence, have been discovered for use at the trial; that it is so material and relevant that it will probably change the result if a new trial is granted; that it is not merely cumulative or impeaching in character; and that it is reasonably possible that the evidence will be produced at the trial." A like showing is required, in my opinion, where a party seeks to reopen a trial to introduce "newly discovered evidence." The only requirement of the rule which plaintiffs here meet is that they are prepared to introduce evidence of appropriate discount factors.

Plaintiffs also contend that their motion should be granted under the "catch-all" provision of Rule 60(b), that is, for "any other reason justifying relief from the operation of the judgment." They argue that the Supreme Court settled what it considered to be a cloudy state of the law in the determination of asset value and adopted a "new rule" for land valuation. As defendants observe the confusion in the law to which the Supreme Court addressed itself pertained to whether asset valuation should be determined on the basis of fair market value or

on the basis of going-concern value. No confusion with respect to the application of discounting factors was suggested. On the contrary the Supreme Court held that such application to facts such as were here presented was "a generally approved appraisal technique."

■ The contention that the Supreme Court in holding that discount factors were applicable made new law is not persuasive. That court simply held that valuation appraisals of land to be disposed of over a period of five or more years must be discounted to arrive at present worth. Not only did the court find such to be an accepted practice in the appraisal field but held "that this was the only proper approach to the problem taken in this case." This should have been apparent to plaintiffs from the outset. They argue that in no prior decision of the courts of this state had it been held that discounting was appropriate. Except as the case of Sims v. Slovin, supra, may be said to have so held this is true. But in no prior case was a comparable situation presented. Here the facts required an appraisal approach different from that in the ordinary case where no problem of disposal of assets over an extended period of time is involved. The Supreme Court merely adopted a recognized appraisal technique to fit the extra-ordinary state of facts. If this made new law it was only in a limited sense. There was obviously no change in the law.

I am satisfied that plaintiffs have from time of trial deliberately avoided meeting the issue there raised and since persisted in by defendants. Their present attempt initiated four and one-half years after trial and after two appeals to the Supreme Court does not lend to favorable disposition of their motion. There must be an end to litigation and plaintiffs have been afforded their days in court.

The motion to reopen is denied.